Trespass quare clausum fregit; plea, liberum tenementum. — For the plaintiff was shown a grant issued by the State of North Carolina to Alexander Outlaw, for 400 acres of land, upon a warrant from John Armstrong's office. Number of grant 759; a deed from Outlaw to the plaintiff, for the same land dated July 15, 1800. The defendant's counsel produced a certificate from William White, secretary of North Carolina, stating that the highest number of grants for lands in East Tennessee, upon John Armstrong's warrants, was lower than the number of that under which the plaintiff claims; that he had searched and could not find any such grant as that of the plaintiff's registered in the secretary's office. Upon an Adair's warrant a grant had issued No. 759, but not to Alexander Outlaw. From this certificate it was urged that the grant was void if it had been issued by the State of North Carolina. It was further objected to the validity of the grant that it is certified on the back to have been registered by W. Williams, private secretary of North Carolina, and also countersigned by him, though a deputy. The law expressly says it shall be done by the secretary himself.
It certainly would have been most regular for the secretary himself to have countersigned the grant, but on that account it cannot be invalid. It would seem that the registration of the grant in the secretary's office is not essential to its existence. The owner must show that he had done all the law required of him. It was the business of the secretary to register before delivering to the owner. 1777, c. 1, § 11.[1]
This grant was delivered to Outlaw, its owner, certified upon the back to have been registered, and is it now to be declared invalid, in the hands of a third person, because it cannot be found on record in the secretary's office of North Carolina? It is known to every one, that, during the time of the late secretary of North Carolina, great irregularities prevailed in that office, and the recording of the *Page 222 
grant there might have been omitted. The true question here, is, did the State of North Carolina execute the grant? It is obvious they did, for the Court can judicially know the seal of that State.
The objection that the grant is certified to have been recorded by the private secretary cannot prevail, it being the usual form.
The certificate of the secretary of North Carolina ought not to be received in evidence. The business of the keeper of records is to give copies, and to certify the official order of papers, from which officially facts are inferred. The general scope and substance of the certificate might more properly furnish matter for a deposition than a certificate. As a certificate, it cannot go to the jury.
[1] Campbell's Lessee v. Irvin. Fed. Ct. West Tenn.